```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OJU MINIMA,

                Plaintiff,      09 Civ. 1027 (JGK)

    - against -          MEMORANDUM OPINION AND
                                          ORDER
NEW YORK CITY DEPARTMENT OF HOMELESS
SERVICES, et al.,

                Defendants.

JOHN G. KOELTL, District Judge:

    This action is **dismissed without prejudice** for failure to prosecute, for the reasons explained in the Court's July 30 and July 10 Orders and at the July 30 conference.  It is clear that the plaintiff does not wish to continue the action in this Court.  Indeed the plaintiff seeks to have the Court transfer this action to state court which the Court cannot do because this action did not originate in state court.  The only issue is whether the dismissal should be with prejudice as the defendants request.

    The defendants have requested that the action be dismissed with prejudice.  However, "dismissal with prejudice is a harsh remedy to be used only in extreme situations . . . ."  Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990).  Cf. Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (describing dismissal with prejudice for failure to prosecute as "pungent, rarely used, and conclusive" but

affirming dismissal with prejudice where behavior of plaintiff's counsel was "dilatory, obstreperous, and resolute"); cf. also id. at 668 ("Only on rare occasions should a district judge deprive the languid litigant of his right to a trial on the merits."). The defendants have not shown that this case presents an extreme situation warranting dismissal with prejudice.

In this case, the defendants' entire argument for dismissal with prejudice relies upon three conferences at which the plaintiff failed to appear. In the context of this case, the plaintiff's failure to appear at these three conferences does not constitute the kind of "abuse of the litigation process" to which dismissal with prejudice is an appropriate response. Cf. Passe v. City of New York, No. 02 Civ. 6494, 2009 WL 290464, at *15 (E.D.N.Y. Jan. 5, 2009) (dismissing action with prejudice for failure to prosecute where plaintiff had repeatedly missed conferences and employed "tactics" to delay completion of her deposition). Moreover, the plaintiff's failure to appear at scheduled conferences only dates back to July 7, 2009. That amount of time pales in comparison to the amount of time that typically passes without action from the plaintiff before an action is dismissed with prejudice for failure to prosecute. Cf., e.g., Valenti v. United States, No. 07 Civ. 879, 2008 WL 2264535, at *2 (E.D.N.Y. Apr. 21, 2008) ("[Plaintiff] has taken

no steps to vindicate her rights in this case for more than a year . . . ."); Deptola v. Doe, No. 04 Civ. 1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005) ("[T]he defendants have been unable to contact [the plaintiff] for over four months."); Bhalla v. JP Morgan Chase & Co., No. 03 Civ. 6051, 2005 WL 1027523, at *2 (E.D.N.Y. Apr. 26, 2005) ("[Plaintiff's counsel] has been unable to communicate with [the plaintiff] for approximately eight months . . . ."); Siegel v. District Council 37, AFSCME, No. 89 Civ. 8188, 1994 WL 9689, at *3 (S.D.N.Y. Jan. 14, 1994) ("Almost an entire year has passed during which the plaintiff has done nothing but seek repeated extensions from the Court."). Indeed, this case was commenced just eight months ago.

The Court notes that the plaintiff has asked the Court to transfer this case to state court. The Court has attached the plaintiff's request to this Order. The Court lacks the power to transfer this case to state court. Therefore the plaintiff's request for such a transfer is denied.

The Court also notes that the plaintiff alleges that the defendants never forwarded him a copy of the transcript of the conference that took place on July 9, which the Court ordered the defendants to do. The Court has attached the plaintiff's letter to the Court to that effect to this Order. The plaintiff's letter does not affect the Court's decision to

dismiss this litigation for failure to prosecute without prejudice to renewal.

The defendants' application to dismiss this action is **granted**, except that the dismissal is **without prejudice**. The Clerk is directed to dismiss this action without prejudice and to close this case.

**SO ORDERED.**

**Dated:**     **New York, New York**
             **August 17, 2009**

                                          John G. Koeltl
                                     United States District Judge