USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-19-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OJU MINIMA,

                              Plaintiff,          09 Civ. 1027 (JGK)

            - against -                           MEMORANDUM OPINION
                                                  AND ORDER
NEW YORK CITY DEPARTMENT OF HOMELESS
SERVICES, ET AL.,

                              Defendants.

JOHN G. KOELTL, District Judge:

On December 3, 2009, the plaintiff filed a "Notice of an
Appeal to Reopen Case" which the Court liberally construed as a
motion pursuant to Local Rule 6.3 for reconsideration or
rehearing or pursuant to Federal Rule of Civil Procedure 60(b)
for relief from this Court's Order dated August 13, 2009, that
dismissed this action without prejudice. The Court directed the
defendants to respond to the plaintiff's motion. The defendants
responded and the plaintiff replied. The plaintiff has provided
no basis for reconsideration or rehearing or for relief from the
Court's judgment.

Rule 60(b) sets forth the grounds by which a court, in its
discretion, can rescind or amend a final judgment or order. See
Fed. R. Civ. P. 60(b); Nemaizer v. Baker, 793 F.2d 58, 61 (2d
Cir. 1986). Rule 60(b) exists to strike a balance between
"serving the ends of justice and preserving the finality of
judgments." Nemaizer, 793 F.2d at 61. While Rule 60(b) should

be read broadly to do "substantial justice," final judgments should not be reopened casually. Id. Relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances." Id.; see also Graham Kandiah, L.L.C. v. JPMorgan Chase Bank, N.A., No. 08 Civ. 6956, 2009 WL 1704570, at *3 (S.D.N.Y. June 18, 2009). Rule 60(b) sets forth various grounds for relief. Because the plaintiff is not asserting newly discovered evidence or other specific bases for relief, his motion is most appropriately classified as a motion under Rule 60(b)(6) for "any other reason that justifies relief." See Wicks v. Miller, No. 05 Civ. 5341, 2009 WL 4279442, at *4 (S.D.N.Y. Dec. 1, 2009). Pursuant to Rule 60(c), a Rule 60(b)(6) motion must be "made within a reasonable time." See Fed R. Civ. P. 60(c); see also Wicks, 2009 WL 4279442, at *4.

A motion for reconsideration or reargument shall be filed within fourteen days after the entry of the Court's determination of the original motion, or within fourteen days after the entry of the judgment, and shall set forth the maters or controlling decisions that the party contends the Court overlooked. See Local Rule 6.3; see also Meteor AG v. Fed. Express Corp., No. 08 Civ. 3773, 2009 WL 3853802, at *2 (S.D.N.Y. Nov. 18, 2009); United States v. Billini, No. 99 Cr. 156, 2006 WL 3457834, at *1 (S.D.N.Y. Nov. 22, 2006). Reconsideration of a court's prior order "is an extraordinary

2

remedy to be employed sparingly" in the interest of finality. Meteor, 2009 WL 3843802, at *2. A motion for reconsideration may not be used to advance new facts or arguments and may not be used as a substitute for appealing a final judgment. Torres v. Carry, No. 08 Civ. 8967, 2009 WL 3633897, at *1 (S.D.N.Y. Oct. 29, 2009).

The Court appropriately dismissed this action without prejudice after the plaintiff failed to appear for conferences, including after the Court warned the plaintiff that failure to appear would result in dismissal of the action for failure to prosecute. Moreover, after being advised of the Court's inclination to dismiss the action without prejudice, the plaintiff did not indicate any desire to pursue the action in this Court but requested a transfer of the action to state court, which this Court lacks the power to do. The plaintiff has failed to present any fact or law that the Court overlooked such that reconsideration or rehearing would be warranted, and the plaintiff's motion for reconsideration is also plainly untimely. Moreover, the plaintiff has failed to establish any basis for relief from judgment under Rule 60(b) and has failed to show "exceptional circumstances" sufficient for such relief.

For the reasons stated above, the plaintiff's application is denied.

**SO ORDERED.**

Dated:     **New York, New York
January 18, 2010**

_____
John G. Koeltl
United States District Judge